**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ANDRE VIRUEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 5:20cv01040-FB** |
| **THE LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY f/k/a** | § | |
| **LIBERTY LIFE ASSURANCE** | § | |
| **COMPANY OF BOSTON,** | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life")[1] files this Original Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Andre Viruez ("Plaintiff"), and states as follows:

## I. PARTIES

1. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that The Lincoln National Life Insurance Company is an Indiana Corporation with its principal place of business in Fort Wayne, Indiana, but that Lincoln Life is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and they are legally authorized to conduct their businesses in Texas. Lincoln Life further admits that it was properly served in this action. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

---

[1] Improperly named in the Complaint as "The Lincoln National Life Insurance Company f/n/a Lincoln Life Assurance Company of Boston." The name of the entity "Liberty Life Assurance Company of Boston" was changed to "Lincoln Life Assurance Company of Boston" after it was acquired by Lincoln National Corporation. The Lincoln National Life Insurance Company is a separate corporate entity and is not the same entity that was "f/k/a Liberty Life Assurance Company of Boston." Accordingly, "Lincoln Life Assurance Company of Boston" is the correct name of the Defendant in this action.

## II. JURISDICTION AND VENUE OF ERISA CLAIMS

3. Lincoln Life admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Lincoln Life denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln Life admits that this Court has jurisdiction over this action pursuant to 28 USC §§ 1331 and 1332. Lincoln Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln Life. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life admits that venue is proper in this District and Division. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

## III. FACTUAL BACKGROUND

A. To the extent that the allegations contained in Paragraph A appears to be a heading title, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life admits that Plaintiff was, at certain times, an employee of Charter Communications, Inc. ("Charter") and that Plaintiff submitted a claim for short term disability ("STD") benefits from the Charter Communications, Inc. Disability Plan (the "Plan") that was insured by a Group Disability Income Policy (the "Policy") issued by Lincoln Life to Charter. Lincoln Life admits it sent a letter dated March 21, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph A of the Complaint.

6. Lincoln Life admits Plaintiff was, at certain times, employed by Charter as an Inbound Telesales Representative. Lincoln Life admits that certain documents concerning Plaintiff's job description at Charter are contained in the administrative record reviewed by

Lincoln Life upon which Plaintiff's claim for STD benefits from the Plan under the Policy was evaluated, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln Life admits Plaintiff was, at certain times, employed by Charter and that Charter sponsored the Plan to provide STD and long term disability benefits to its employees pursuant to the Policy and its terms. Lincoln Life admits that Plaintiff was, at certain times, a participant in the Plan with regard to eligibility for STD benefits. Lincoln Life denies that Plaintiff was a participant in the Plan with regard to long term disability benefits from the Plan under the Policy as Plaintiff had not completed 12 months of continuous active employment, as defined by the Policy. Lincoln Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln Life admits that the Plan was, at certain times, insured by the Policy. To the extent that the allegations contained in Paragraph 8 seek to interpret the provisions of the Plan and the Policy, Lincoln Life refers to the documents governing the Plan and the Policy as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" and "Material and Substantial Duties" as applicable to a participant's claim for STD benefits from the Plan under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln Life admits the Policy includes language pertaining to the definition of "Pre-Existing Condition" as applicable to a participant's claim for STD benefits from the Plan

under the Policy, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits that Plaintiff's last day of work at Charter was January 22, 2019. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that Plaintiff submitted a claim for STD benefits from the Plan under the Policy. Lincoln Life further admits only that its decisions on Plaintiff's claim for STD benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Lincoln Life denies that it violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for STD benefits and denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln Life admits that claim notes reflecting communications between Lincoln Life and Plaintiff are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies that it violated any provision of ERISA or the relevant regulations with regard to

Plaintiff's claims for benefits and denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits that Plaintiff submitted a claim for STD benefits from the Plan under the Policy. Lincoln Life admits it sent a letter dated February 5, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these

documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln Life admits that claim notes reflecting communications between Lincoln Life and Plaintiff are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the

Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln Life admits that medical and psychological reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln Life admits it sent a letter dated March 21, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln Life admits it sent a letter dated March 21, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits it received a letter from Plaintiff, along with additional documentation, appealing the denial of his claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31-47. There are no Paragraphs numbered 31 through 47 contained in the Complaint.

48. Lincoln Life admits it received a letter from Plaintiff, along with additional documentation, appealing the denial of his claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln Life admits it received a letter from Plaintiff, along with additional documentation, appealing the denial of his claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life admits it received a letter from Plaintiff, along with additional documentation, appealing the denial of his claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the letter and documents themselves as the best evidence of

their contents. Lincoln Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln Life admits that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life admits that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

51.(sic) Lincoln Life admits it sent a letter dated April 24, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies that it violated any provision of ERISA or the relevant regulations with regard to Plaintiff's claims for benefits and denies all remaining allegations contained in the second Paragraph numbered 51 of the Complaint.

53. Lincoln Life admits that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Lincoln Life admits it received a letter dated May 1, 2019, from Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for STD benefits from the Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

62. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for STD benefits from the Plan under the Policy, Lincoln Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents.

Additionally, to the extent that the allegations contained in Paragraph 63 seek to interpret the provisions of the Diagnostic and Statistical Manual of Mental Disorders ("DSM-5"), Lincoln Life refers to the DSM-5 as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln Life admits only that medical and psychological peer reviews are contained in the administrative record regarding Plaintiff's claims for STD benefits from the Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln Life admits it sent a letter dated May 17, 2019, to Plaintiff, and Lincoln Life refers to the letter itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln Life admits it received a letter dated December 19, 2019, from Plaintiff's counsel, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 66 of the Complaint.

67. Lincoln Life admits it received a letter dated December 19, 2019, from Plaintiff's counsel, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln Life admits it received a letter dated December 19, 2019, from Plaintiff's counsel, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln Life admits it received a letter dated December 19, 2019, from Plaintiff's counsel, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 69 of the Complaint.

70. Lincoln Life denies the allegations contained in Paragraph 70 of the Complaint.

## IV.
## COUNT ONE
## Breach of the Plans and Policy Provisions Claim

71. Lincoln Life admits that Plaintiff submitted a claim for STD benefits from the Plan under the Policy. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of STD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 71 of the Complaint.

72. Lincoln Life denies the allegations contained in Paragraph 72 of the Complaint.

73. Lincoln Life denies the allegations contained in Paragraph 73 of the Complaint.

74. Lincoln Life denies the allegations contained in Paragraph 74 of the Complaint.

75. To the extent that the allegations contained in Paragraph 75 seek to interpret the provisions of the Policy, Lincoln Life refers to the documents governing the Policy as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 75 of the Complaint.

76. To the extent that the allegations contained in Paragraph 76 seek to interpret the provisions of the Policy, Lincoln Life refers to the documents governing the Policy as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 76 of the Complaint.

77. Lincoln Life denies the allegations contained in Paragraph 77 of the Complaint.

78. Lincoln Life denies the allegations contained in Paragraph 78 of the Complaint.

79. Lincoln Life denies the allegations contained in Paragraph 79 of the Complaint.

80. Lincoln Life denies the allegations contained in Paragraph 80 of the Complaint.

81. Lincoln Life denies the allegations contained in Paragraph 81 of the Complaint.

## V. COUNT TWO
## Reasonable and Necessary Attorney's Fees

82. Lincoln Life admits that by this action, Plaintiff is seeking recovery of STD benefits from the Plan, along with recovery of attorneys' fees and costs, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 82 of the Complaint.

Lincoln Life denies all allegations contained in the Prayer of the Complaint, and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's STD benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke this standard of review.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other income or benefits received by Plaintiff, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Plaintiff's claims, if any, for recovery of LTD benefits fail, as a matter of law, as Plaintiff was not a participant in the Plan with regard to long term disability benefits from the Plan under the Policy as Plaintiff had not completed 12 months of continuous active employment, as defined by the Policy.

7. Lincoln Life reserves the right to assert additional defenses.

**PRAYER**

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Dated: October 5, 2020.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456

**BY:** /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Jessica Spangler Taylor, Esq.
Email: jessica@jtaylorlaw.com

October 5, 2020
Date

/s/ Iwana Rademaekers
Iwana Rademaekers