IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRE VIRUEZ, | § | |
| | § | |
| *Plaintiff,* | § | 5-20-CV-01040-FB-RBF |
| | § | |
| vs. | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**ORDER REGARDING PRETRIAL MATTERS AND PENDING MOTIONS**

Before the Court is the status of the above-referenced case, which was referred to me for disposition pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 8. **IT IS ORDERED** that this case is set for an Initial Pre-Trial Conference, pursuant to Federal Rule of Civil Procedure 16, on **October 28, 2020 at 10:00 A.M.** Counsel must appear telephonically and are required to use the following call-in information to do so:

Toll free number: 877-402-9753
Access code: 8309798
Participant Security Code: 93075

The parties must call-in at least 5 minutes before the start of the hearing and check in with the Courtroom Deputy, Ms. Amy Jackson. The use of speaker phones is prohibited during a telephonic appearance. The parties should be prepared to discuss entry of a Scheduling Order (or how the case is proceeding under the current Scheduling Order if one has already been entered), any other matters set forth in Rule 16(c)(2), ***and argue any motions that may be pending at the time of the conference.***

On or before **October 23, 2020,** the parties shall confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions:

1. What is the basis for subject-matter jurisdiction? Are there any outstanding jurisdictional issues? For cases premised on diversity jurisdiction, provide the citizenship of each party and explain whether or not the parties agree that the amount in controversy exceeds $75,000. For removal cases, explain whether the parties agree that the amount in controversy exceeded $75,000 *at the time of removal*. If there is any disagreement on these issues, each party should state its respective position.

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist or are anticipated?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that, if not already provided, the parties shall submit a proposed scheduling order pursuant to Local Rule CV-16(c), no later than **October 23, 2020**. At the Initial Pretrial Conference, the Court will discuss with the parties any proposed changes to

the Court's standard scheduling order based on the circumstances of this case. The proposed scheduling order shall conform to the attached template.

The parties are reminded that the Court has a duty to examine its subject matter jurisdiction. *Howery v. Allstate Ins. Co*., 243 F.3d 912, 919 (5th Cir. 2001). In diversity cases, the "court must be certain that all plaintiffs have a different citizenship from all defendants," *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988), and it is the obligation of the party asserting federal jurisdiction to "distinctly and affirmatively allege" the citizenship of the parties. *Howery*, 243 F.3d at 919.

Many jurisdictional defects, while easily curable, unnecessarily consume the Court's and parties' resources. The standards for alleging citizenship in diversity cases are well-established. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313-14 (5th Cir. 2019). In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business. *See id*. If either party is an LLC, each and every *member* of the LLC and each member's citizenship must be identified. *See id*. In addition, citizenship and residence are not synonymous terms in this context. *Id.* "Citizenship requires not only residence in fact but also the purpose to make the place of residence one's home." *Id.* (quotations and brackets omitted). "Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Id.* (quotations omitted).

Prior to the Initial Pretrial Conference, the party invoking this Court's jurisdiction shall review the relevant law and their pleadings and cure any and all jurisdictional defects. ***If the Court is forced to raise the issue of jurisdiction <u>again</u> at the Initial Pretrial Conference despite this clear warning, sanctions up to and including dismissal may be assessed.*** *See* Fed. R. Civ. P. 16(f) (permitting a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a . . . pretrial order").

Finally, Counsel is advised of the following matters. First, counsel should refrain from communicating with the Courtroom Deputy or other court staff concerning substantive matters. Substantive communications with the Court should be conducted via officially filed documents. Nondispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion. *See* Local Rule CV-7(i) (applying to all nondispositive motions); *see also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). While email or letter correspondence with opposing counsel may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone.[1] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7(i). Finally, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances.

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Farrer/Court%20Facts%20Sheet%20for%

[1] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Envtl. Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); Local Rule AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").

20U.S.%20Magistrate%20Judge%20Farrer.pdf. All counsel (and parties, if they are appearing pro se) are expected to review it before filing any matters or appearing in a case before me.

**IT IS SO ORDERED.**

SIGNED this 16th day of October, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDRE VIRUEZ, | § | |
| *Plaintiff,* | § | 5-20-CV-01040-FB-RBF |
| vs. | § | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | § | |
| *Defendant.* | § | |

**SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.

1. Alternative Dispute Resolution ("ADR"): A report on ADR resolution in compliance with Local Rule CV-88 shall be filed on or before _______.

2. Offer of Settlement: Parties asserting any claims for relief may submit a written offer of settlement to opposing parties by _______[2], and each opposing party may respond in writing by _______.[3] All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court may use these in assessing attorneys' fees and costs at the conclusion of the proceedings. If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

3. Amend/Supplement Pleadings, Joinder of Parties:

   a. The deadline for *Plaintiff(s)* to file a motion seeking leave to amend pleadings; or to join parties is ______________.[4]

   b. The deadline for *Defendant(s)* to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), to the extent it may apply in this case; (2) to seek leave to amend pleadings; or (3) to join parties is ______________.[5]

4. Designation of Witnesses, Experts, and Exhibits:

---

[2] Generally (in newly filed cases) 90 days from date of this order
[3] Generally 14 days thereafter.
[4] Generally 60 days from date of this order.
[5] Generally 75 days from date of this order.

a. All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and must *serve* on all parties—*but not file*—the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _______.[6]

b. Parties resisting claims for relief must file their designation of potential witnesses, testifying experts, and proposed exhibits, and must *serve* on all parties—*but not file*—the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _______.[7]

c. All designations of rebuttal experts must occur within 30 days after receipt of the report of the opposing expert.

5. Expert Testimony Objection: An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 must be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, *within 30 days after receipt of the written report* of the expert's proposed testimony, or *within 30 days after the expert's deposition*, if a deposition is taken, *whichever is later*. The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e)(2) is ______________________. The parties, however, are advised that supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."[8]

6. Discovery:

a. The parties must complete all discovery by _______.[9]

b. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline. *See* Local Rule CV-16(d).

c. Counsel may by agreement continue discovery beyond the deadline. *The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting will be vacated because of information obtained in post-deadline discovery*. *See* Local Rule CV-7(d).

7. Pretrial Motions:

a. All dispositive motions, as defined by Local Rule CV-7(c), shall be filed by _______.[10] Dispositive motions and responses to dispositive motions

---

[6] Generally 90 days from date of this order.
[7] Generally 120 days from date of this order.
[8] *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 371 (5th Cir. 2016) (quotations omitted).
[9] Generally 180 days from date of this order.
[10] This date should not be any later than 90 days before the case is scheduled for trial in order to allow the Court adequate time to rule.

are limited to 20 pages in length, and any reply in support of a dispositive motion is limited to 10 pages in length. *See* Local Rules CV-7(d)(3), (e)(3), and (f)(3).

b. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after ______ except for good cause.

8. Final Pretrial Order: The deadline to file a Final Joint Pretrial Order and any motion in limine is ____________________. Responses to motions in limine are due seven (7) days after the motion is filed.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) A short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) A brief statement of the case, one that the judge could read to a jury panel for an introduction to the facts and parties;

(3) A summary of the remaining claims and defenses of each party;

(4) A list of facts all parties have reached agreement upon;

(5) A list of contested issues of fact;

(6) A list of the legal propositions that are not in dispute;

(7) A list of contested issues of law;

(8) A list of all exhibits expected to be offered

At least three (3) days before the Final Joint Pretrial Order is due, counsel will make all exhibits, including documentary exhibits, available for examination by opposing counsel. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;
(10) the name of those witnesses whose testimony is expected to be presented by means of a deposition and designation by reference to page and line of the testimony to be offered (except those to be used for impeachment only) and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony;

(11) an estimate of the length of trial;

(12) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with citations to authority provided in footnotes;

(13) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(14) the signatures of all attorneys; and

(15) a place for the date and the signature of the presiding judge.

The parties are advised to consult Local Rule CV-7(f) for objections that must be filed in advance of the final pretrial conference.

9. Final Pretrial Conference: The final pretrial conference is set for _______at _______a.m. Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference, so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

10. Trial Date: This case is set for jury selection and trial on _______at **9:30 a.m.**

11. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on ___________, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order______________. Plaintiff offers the following explanation of why all parties have not been served__________________.

__________________________
(Signature)

__________________________
(Print of type name)

ATTORNEY FOR

__________________________
(Print or type name)

CERTIFICATE OF SERVICE